**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) Case Nos. | 10-20101-02-CM (Criminal) |
| v. ) | 12-2427-CM (Civil) |
| ) | |
| **RICKY D. WEBSTER,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM AND ORDER

This case is before the court on defendant Ricky Webster's Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 114) and the amended version of that motion (Doc. 130). In October 2010, defendant entered into an 11(c)(1)(C) plea agreement and pleaded guilty to crimes related to possession and distribution of crack cocaine. Pursuant to the plea agreement, the court sentenced defendant to the jointly-recommended sentence of 180 months imprisonment, which represented the statutory minimum sentence. Defendant now asks the court to vacate his sentence because (1) counsel advised defendant to enter a plea of guilty without challenging a search warrant when counsel knew that the Kansas City, Kansas SCORE[1] unit—who executed the search warrant—was being investigated for illegal activities; and (2) counsel failed to file an appeal when defendant asked him to do so. Originally, defendant named four grounds for relief, but he consolidated the four grounds in his amended motion. In his reply brief, defendant again refers to four grounds for relief, but then only identifies two, which appear to differ from the previously-raised

---

[1] "SCORE" is the acronym for "Selective Crime Occurrence Reduction Enforcement," or the special weapons and tactics unit.

-1-

arguments. It is unclear the precise basis for the two new grounds, but defendant generally seems to be asking the court to resentence him under the 2010 revisions to the Fair Sentencing Act. Defendant is not permitted to raise new arguments in his reply brief, however, and the court will disregard the argument. *See Cont'l Coal, Inc. v. Cunningham*, 511 F. Supp. 2d 1065, 1077 (D. Kan. 2007) (citations omitted).[2] If the court is understanding defendant's arguments correctly, they are more appropriately raised in a motion filed pursuant to 18 U.S.C. § 3582. It is unlikely that defendant is entitled to any relief, given that he was sentenced pursuant to an 11(c)(1)(C) plea agreement. *See Freeman v. United States*, 131 S. Ct. 2685 (2011). But the court declines to address the issue here.

In its response to defendant's § 2255 motion, the government asks the court to enforce defendant's waiver of the right to bring a § 2255 motion contained in defendant's plea agreement. For the following reasons, the court enforces the waiver in part, denies defendant's motion in part, and takes the remainder of defendant's motion under advisement.

## I. Waiver of the Right to Bring a Collateral Attack

The court will hold a defendant and the government to the terms of a lawful plea agreement. *United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1207 (10th Cir. 2004); *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998). Generally, a knowing and voluntary waiver of § 2255 rights is enforceable. *United States v. Cockerham*, 237 F.3d 1179, 1181 (10th Cir. 2001). The court applies a three-pronged analysis to evaluate the enforceability of such a waiver, in which the court must determine: (1) whether the scope of the waiver covers the disputed issue; (2) whether the defendant knowingly and voluntarily waived his rights; and (3) whether enforcement of the waiver would result in a miscarriage of justice. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004).

---

[2] In defendant's original motion, he asserted that counsel was ineffective for failing to appeal the fact that the Fair Sentencing Act was in effect during sentencing. This claim is different from the one defendant now attempts to make. The former falls under a general argument that counsel was ineffective for failing to appeal. The latter appears to be that defendant should be resentenced under the Fair Sentencing Act.

-2-

**A. Scope of Waiver**

In determining whether the disputed issue falls within the scope of the waiver, the court begins with the plain language of the plea agreement. *United States v. Anderson*, 374 F.3d 955, 957 (10th Cir. 2004); *Hahn*, 359 F.3d at 1328. The pertinent provision in defendant's plea agreement provides:

> If the Court agrees to the proposed plea agreement, the defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction, and sentence (including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release). The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal if the Court imposes the sentence requested by the parties. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion brought under Fed. Rule of Civ. Pro 60(b). However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a). Notwithstanding the forgoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

(Doc. 34 at 12–13.)

The court construes the plea agreement "according to contract principles and what the defendant reasonably understood when he entered his plea." *Arevalo-Jimenez*, 372 F.3d at 1206 (internal quotation and citations omitted). The court strictly construes the waiver and resolves any ambiguities against the government. *Hahn*, 359 F.3d at 1343.

Here, defendant states that he received ineffective assistance of counsel because (1) counsel advised him to plead guilty without making challenges first; and (2) counsel failed to file a notice of appeal. Only the second of these two grounds falls within the plea agreement waiver. The first is

exempted by *Cockerham*.³ But the second—that counsel should have filed an appeal—is covered by the waiver. *United States v. Viera*, 674 F.3d 1214, 1218–19 (10th Cir. 2012).

## B. Knowing and Voluntary

Defendant acknowledged that he was entering into the plea agreement knowingly and voluntarily both during the plea hearing and in the plea agreement itself. Moreover, in his briefs, defendant has not claimed lack of knowledge or voluntariness (at least with respect to the failure to file an appeal). The court has reviewed the transcript of the change of plea hearing, and also independently remembers it. Based on its review and recollection, the court finds that the factual circumstances surrounding the plea in this case serve as compelling evidence that defendant voluntarily and knowingly entered a plea. *See Hahn*, 359 F.3d at 1325 (explaining that the court looks to an informed plea colloquy for evidence that defendant knowingly and voluntarily entered into agreement). Nothing in the record suggests that defendant's plea or waiver was unknowing or involuntary. Moreover, this court previously decided that defendant was not entitled to withdraw his plea. There is no basis for reaching a contrary decision now.

## C. Miscarriage of Justice

Enforcing a waiver results in a miscarriage of justice only if (1) the court relied on an impermissible factor such as race; (2) the defendant received ineffective assistance of counsel in conjunction with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4)

---

³ A claim of ineffective assistance because counsel failed to file pretrial motions does not always fall outside the scope of the waiver. *See, e.g., United States v. Abston*, 401 F. App'x 357, 365 (10th Cir. 2010) (noting that an ineffective assistance claim based on the failure to file a motion to suppress was likely barred by the waiver in the plea agreement, but deeming the argument waived because the government did not seek to enforce the waiver); *United States v. Masters*, 317 F. App'x 750, 755 (10th Cir. 2009) ("For an ineffective assistance of counsel claim to fall within this [*Cockerham*] exception, it must bear more than a tangential relationship to the plea agreement waiver."); *United States v. Fernandez*, No. 08-10141-WEB, 2011 WL 1541280, at *5 (D. Kan. Apr. 21, 2011) (determining that ineffective assistance claim for failure to file a motion to suppress was not a challenge to the validity of the plea or waiver); *United States v. Dozal*, No. 10-2675-KHV, 2011 WL 1527023, at *2 (Apr. 19, 2011) (same). Indeed, if it did, waiver provisions would fail to bar many claims that they are generally intended to bar. But here, defendant directly tied his argument to the plea agreement and his decision to plead guilty, as in *Jackson v. United States*, 252 F. App'x 918, 921 n.2 (10th Cir. 2007). The court finds the question to be a close one, but in light of the presentation of defendant's argument, treats this claim as falling outside the scope of the waiver.

the waiver is otherwise unlawful in the sense that it suffers from error that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Hahn*, 359 F.3d at 1327. Defendant bears the burden of showing that one of these factors is met. *Anderson*, 374 F.3d at 959 (citation omitted).

Defendant does not attempt to explain how failing to enforce the plea agreement waiver with respect to his claim about counsel's failure to appeal would result in a miscarriage of justice in this case. Based on the full record of the case and the court's recollection of the circumstances of defendant's guilty plea, motion to withdraw, and sentencing, the court finds that defendant is bound by the plea agreement waiver. This means that defendant's second argument is barred.

## II. **Argument Not Barred by Waiver**

Defendant claims that counsel was ineffective because he did not challenge a search warrant before advising defendant to plead guilty. The search warrant was executed by members of the Kansas City, Kansas SCORE Unit. During execution of the warrant, officers took items from defendant's house that were outside the scope of the warrant. The officers have since been charged and convicted regarding this conduct. After defendant entered his guilty plea, he filed a motion to withdraw the plea based on their conduct. The court denied defendant's motion. The court now turns to whether counsel's failure to challenge the search warrant earlier was ineffective.

In making this determination, the court applies the standard identified in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Romano v. Gibson*, 278 F.3d 1145, 1151 (10th Cir. 2002) (applying *Strickland*). Under *Strickland*, a petitioner bears the burden of satisfying a two-pronged test in order to prevail. First, he must show that his attorney's "performance was deficient" and "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687–88. Second, a habeas petitioner

must demonstrate prejudice, which requires a showing that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

The court is unable to resolve this issue on the briefs. Based upon initial research, it appears to the court that if defendant is able to show that counsel's performance was deficient, he may also be able to show that he was prejudiced. *See United States v. Medlin*, 842 F.2d 1194, 1198–99 (10th Cir. 1988) ("[E]ven evidence which is properly seized pursuant to a warrant must be suppressed if the officers executing the warrant exhibit 'flagrant disregard' for its terms."). At least arguably, stealing items during execution of a search warrant could be considered exceeding the scope of the search warrant and "flagrant disregard" for its terms. But the parties have not conducted this analysis, and the court will not take it any further here. Such analysis may ultimately be unnecessary if counsel's performance was not deficient. *See Strickland*, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the [petitioner] makes an insufficient showing on one. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed.").

The court will therefore appoint counsel for defendant and set a hearing to determine this issue. The parties should be prepared to address and present evidence on both prongs of the *Strickland* test. They are further instructed to file limited supplemental briefs on why the law as stated in *Medlin* does or does not apply in this case. The schedule for the briefing will be set when the court sets the hearing date.

**IT IS THEREFORE ORDERED** that defendant Ricky D. Webster's Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 114) is denied as moot. It was superseded by defendant's second motion.

**IT IS FURTHER ORDERED** that defendant Ricky D. Webster's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 130) is denied in part and taken under advisement in part.

**IT IS FURTHER ORDERED** that the government's Motion for Enforcement of the Plea Agreement (Doc. 134) is denied in part and granted in part.

**IT IS FURTHER ORDERED** that the court will appoint counsel for defendant and set a hearing on defendant's claim of ineffective assistance in entering into the plea agreement.

Dated this 18th day of April 2013, at Kansas City, Kansas.

<u>s/ Carlos Murguia</u>
**CARLOS MURGUIA**
**United States District Judge**
