IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Case Nos.   10-20101-02-CM (Criminal) |
| v. ) | 12-2427-CM (Civil) |
| ) | |
| **RICKY D. WEBSTER,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM AND ORDER

In May of 2014, this court granted defendant Ricky D. Webster's motion for federal habeas relief. The government filed a motion to reconsider the court's order (Doc. 189), and the court now takes up that motion.

Whether to grant or deny a motion for reconsideration is committed to the court's discretion. *GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1386 (10th Cir. 1997); *Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988). In exercising that discretion, courts generally recognize three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Marx v. Schnuck Mkts., Inc.*, 869 F. Supp. 895, 897 (D. Kan. 1994) (citations omitted); D. Kan. Rule 7.3 (listing three bases for reconsideration of order); *see also Sithon Maritime Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998) ("Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position on the facts or the law, or the court has mistakenly decided issues outside of those the parties presented for determination."); *United*

*States v. D'Armond*, 80 F. Supp. 2d 1157, 1170 (D. Kan. 1999) ("This court believes that the standards for evaluating a motion to reconsider in the civil context are relevant for evaluating a motion to reconsider in a criminal case."). "A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider." *Sithon*, 177 F.R.D. at 505. Moreover, a motion to reconsider is not a proper place to reargue arguments that the court previously rejected. *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

The government asks the court to reconsider its decision on several grounds: (1) blanket suppression would not have been warranted had a motion to suppress been filed; (2) defendant would have still pleaded guilty to Count 1 because there was additional evidence—independent of the search warrant—supporting a conviction on this charge; and (3) defense counsel's performance was not deficient. The government also asserts that the court allowed defendant to file excessive briefs, but does not appear to rely on this point as a stand-alone basis for reconsideration.

These arguments all fall under two categories: arguments being re-raised and arguments that could have been lodged earlier. Neither category is an appropriate basis for reconsideration. *See Servants of Paraclete*, 204 F.3d at 1012; *Sithon*, 177 F.R.D. at 505. With the exception of the government's complaint about the length and number of defendant's briefs, the court has already considered the government's arguments. The court will briefly address them below.

First, with respect to blanket suppression: The court acknowledged in its ruling that the number of items wrongfully seized was not large. And while the court may not have specifically mentioned *United States v. Sissler*, No. 91-2113, 1992 WL 126974 (6th Cir. June 10, 1992), in its oral ruling, the court considered the case and its weight—as well as the other cases cited by the government—in reaching its decision. The court's ruling on blanket suppression remains valid.

Second, with respect to Count 1: Ultimately, the government may show that it can still convict defendant without the evidence from the search warrant. This court's ruling does not preclude that result. But for purposes of defendant's motion to vacate, defendant met his burden of showing a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668 (1984).

Third, regarding counsel's performance: The court considered at length the standards of *Strickland* when evaluating whether counsel was ineffective for failing to file a motion to suppress. The court did not take the decision lightly. The government makes no arguments now that justify reconsideration of the court's ruling.

Finally, the government's discussion of excessive briefing by defendant does not merit relief. The government did not challenge the briefs on a technical basis when the motion to vacate was pending. It is too late to do so now. *See United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014) ("A motion to reconsider should not be used to . . . advance arguments that could have been raised earlier.").

The court understands that the government maintains defendant's motion should not have been granted. But the government has offered no valid basis for reconsidering the court's decision. The government's motion is therefore denied.

Remaining before the court is defendant's motion to suppress, which was filed after the court vacated defendant's conviction. Briefing on that motion was stayed pending resolution of the government's motion to reconsider. In light of this ruling, the court now orders the government to respond to defendant's motion on or before January 9, 2015. Defendant may file a reply brief on or before January 23, 2015. The court sets the motion to suppress for hearing on February 3, 2015 at 9:30 a.m.

**IT IS THEREFORE ORDERED** that the Government's Motion for Reconsideration (Doc. 189) is denied.

**IT IS FURTHER ORDERED** that the government must respond to defendant's motion to suppress on or before January 9, 2015.  Defendant may file a reply brief on or before January 23, 2015.  The court sets the motion to suppress for hearing on February 3, 2015 at 9:30 a.m.

Dated this 17th day of December 2014, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**
