**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | **Case No. 10-20101-02-CM** |
| **RICKY D. WEBSTER,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**MEMORANDUM AND ORDER**

This matter comes before the court on defendant Ricky D. Webster's Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2). (Doc. 239.) Defendant seeks to have his sentence reduced under the Fair Sentencing Act of 2010 ("FSA"). Defendant argues that the FSA, which reduced the statutory mandatory minimum sentences for certain quantities of crack cocaine, applies to individuals who committed pre-FSA offenses, but who are sentenced post-FSA. Defendant asks the court to reduce his sentence to be consistent with the more lenient guidelines imposed after the FSA. In contrast, the government argues that defendant's sentence was based on a plea agreement—not on the sentencing guidelines—and therefore the change in the sentencing guidelines does not impact defendant's sentence under 18 U.S.C. § 3582(c)(2).

**I.      Factual Background**

On October 14, 2010, defendant signed a plea agreement to plead guilty to the following two counts of an eight-count indictment: (1) violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(ii), (b)(1)(A)(iii), and 18 U.S.C. § 2, conspiracy to manufacture, to possess with intent to distribute 50 grams or more of cocaine base "crack"; and (2) violation of 18 U.S.C. § 924(c), possession of a firearm in furtherance of a drug trafficking crime. (Doc. 34 at 1.) Defendant's plea agreement was based on

-1-

Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. (*Id.*) The plea agreement did not expressly include defendant's criminal history category, offense level, or the applicable sentencing guideline range. (*See id.*) Additionally, the agreement expressly stated, "The parties are of the belief that the proposed sentence does not offend the new advisory sentencing guidelines, but because this proposed sentence is sought pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties are not requesting imposition of an advisory guideline sentence." (*Id.* at 8.)

At the sentencing hearing, the court adopted the Presentence Investigation Report, which concluded defendant's total offense level was 25, and his criminal history category was II. (Doc. 80 at 11.) This resulted in an advisory guideline imprisonment range of 63 to 78 months. (*Id.*) However, because of the statutory mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A), the applicable guidelines range was 120 months for count one. (*Id.*)

On February 8, 2011, the court sentenced defendant to a total term of imprisonment of 180 months. (Doc. 55.) The court imposed the 120-month statutory mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A)(iii), and the 60-month statutory minimum sentence under 18 U.S.C. § 924(c), which pursuant to the statute, must run consecutive to any other term of imprisonment. On February 19, 2016, defendant filed the current motion seeking a reduction of his sentence under the FSA. (Doc. 239.)

Notably, this is not the first time defendant has sought a sentence reduction based on the FSA. He filed a similar motion in 2012, (Doc. 97), and he sought the same relief in his § 2255 reply brief, (Doc. 146). The first time, the court denied relief. (Doc. 109 at 4.) The second time, the court advised defendant that his arguments were more appropriately made in a § 3582 motion, but did not further address the arguments. (Doc. 162 at 2.) Eventually, the court vacated defendant's conviction on other grounds. The conviction remained vacated until recently, when the Tenth Circuit instructed the court

to reinstate the conviction. Because of the unique procedural posture of the case, then, the court believes that it is proper to take up defendant's arguments about the FSA now.

## II. Legal Standard

"The court may not modify a term of imprisonment once it has been imposed" except in certain limited circumstances. 18 U.S.C. § 3582(c). One such exception exists where a defendant is sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission. . . ." 18 U.S.C. § 3582(c)(2). The Supreme Court instructs that "Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing hearing." *Dillon v. United States*, 560 U.S. 817, 826 (2010). In such circumstances, the court follows a two-step approach in considering a defendant's motion to reduce his sentence. *Id.* First, the court determines whether the prisoner is eligible to have his sentenced reduced and the extent any reduction is authorized. *Id.* at 827. Second, the court must decide whether, in its discretion, an authorized reduction is warranted by the particular circumstances of the case. *Id.* Here, the court must decide if the FSA applies to defendant's case, as the offense was committed prior to the enactment of the FSA. Next, the court must determine whether defendant's sentence was based on the sentencing guidelines, or whether it was based solely on the 11(c)(1)(C) plea agreement that defendant signed.

### A. Application of FSA to Pre-FSA Offenders

Defendant argues that the FSA's new, lower mandatory minimums apply to the post-FSA sentencing of pre-FSA offenders. Between June 30 and July 7, 2010, at the time defendant committed the offenses at issue, the amount of cocaine base required to implicate the statutory mandatory minimum sentence of 120 months under 21 U.S.C. § 841(b)(1)(A)(iii) was 50 grams. On August 3, 2010, the FSA amended 21 U.S.C. § 841(b)(1)(A)(iii) by changing the 50-gram threshold to 280 grams. As a result, the FSA effectively reduced the crack cocaine to powder cocaine ratio from 100:1

to 18:1.  *See United States v. Lewis*, 625 F.3d 1224, 1228 (10th Cir. 2010), *overruled in part by Dorsey v. United States*, 132 S. Ct. 2321, 2335 (2012).  Among the drug amounts that the court attributed to defendant was 98.7 grams of cocaine base.  (Doc. 45 at ¶ 38.)  Defendant committed the offenses before the FSA went into effect, but was sentenced after the FSA went into effect.

Defendant previously made this same argument, and the court rejected it.  (Doc. 109 at 3.)  But since that time, the Supreme Court decided *Dorsey v. United States*, 132 S. Ct. 2321.  In *Dorsey*, the Court concluded that Congress intended the FSA's new, lower mandatory minimums to apply to the post-FSA sentencing of pre-FSA offenders.  The Court based its decision on six considerations, ultimately deciding that the outcome was consistent with the FSA's "plain import," or "fair implication."  *Id.* at 2331–36.

### B. Application of 18 U.S.C. § 3582(c)(2) to Plea Agreements Under Fed. R. Crim. P. 11(c)(1)(C)

The government argues that even if the FSA applies to defendant, the court should dismiss defendant's motion because defendant's sentence was based on a plea agreement and not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" as required by 18 U.S.C. § 3582(c)(2).  The Supreme Court considered whether a sentenced based on a Rule 11(c)(1)(C) plea agreement could be reduced pursuant to 18 U.S.C. § 3582(c)(2) in *Freeman v. United States*, 564 U.S. 522, 530–31 (2011).

The four-justice *Freeman* plurality concluded such defendants were entitled to sentence reductions because the district court must always, in determining whether to accept a plea agreement, rely on the guidelines to determine whether the proposed sentence is acceptable.  *Id.* at 529–30.  The four-justice *Freeman* dissent concluded that a term of imprisonment imposed under a Rule 11(c)(1)(C) agreement is "'based on' the agreement itself."  *Id.* at 544.

Justice Sotomayor's concurring opinion found that a term of imprisonment imposed pursuant to a plea agreement authorized by Rule 11(c)(1)(C) is typically based on the agreement itself. *Id.* at 535. But Justice Sotomayor continued that if the plea agreement provides for a specific term of imprisonment, but also makes clear that the basis for the specific term is an applicable guidelines sentencing range, the defendant may be eligible for a sentence reduction. *Id.* at 539. If the applicable sentencing range is evident from the agreement itself, or if the agreement expressly uses a Guidelines sentencing range to establish a term of imprisonment, then the sentence is based on the sentencing guidelines. *Id.*

According to *Marks v. United States,* "[w]hen a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, the holding of the Court may be viewed as that position taken by those [m]embers who concurred in the judgment on the narrowest grounds." 430 U.S. 188, 193 (1977). The Tenth Circuit Court of Appeals applied this rule, determining that Justice Sotomayor's concurrence is the narrowest grounds of decision and represents the Supreme Court's holding. *United States v. Graham*, 704 F.3d 1275, 1278 (10th Cir. 2013).

The Tenth Circuit has held that merely mentioning the Sentencing Guidelines, or the Drug Quantity Table, is not sufficient to establish that a sentence in a plea agreement was based on a Guidelines sentencing range. *United States v. Jones*, 634 F. App'x 649, 651 (10th Cir. 2015). In *Jones*, the court determined that a sentence requested in an 11(c)(1)(C) plea agreement was not based on a Guidelines sentencing range, because the plea agreement did not provide all the information necessary to independently calculate the applicable sentencing range. *Id.* at 652. Specifically, the plea agreement in *Jones* did not state Jones' criminal history category, and therefore, if Jones and the government based his sentence on a Guidelines sentencing range, that range is not "evident from the agreement itself." *Id.*

-5-

In determining that 11(c)(1)(C) plea agreements were not based on a particular Guidelines sentencing range, court have also considered language in the agreement disclaiming reliance on the sentencing guidelines. *Id.*; *United States v. Price*, 627 F. App'x 738, 741–42 (10th Cir. 2015) (explaining that the defendant's agreement proposed a specific sentence of 240 months, did not mention or describe any sentencing range, and disclaimed reliance on the Guidelines by stating that "because this proposed sentence is sought pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties are not requesting imposition of an advisory guidelines sentence").

### III.     Discussion

In this case, if defendant and the government based defendant's stipulated sentence on a Guidelines sentencing range, that range is not evident from the agreement itself. Just like the plea agreement in *Jones*, the plea agreement here neither states defendant's criminal history category nor discusses the applicable sentencing guidelines. While defendant's plea agreement does include information relating to defendant's prior criminal offenses, it does not specifically state his criminal history category or the appropriate offense level. Additionally, this plea agreement contains express language disclaiming reliance on the Guidelines by stating that "because this proposed sentence is sought pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties are not requesting imposition of an advisory guidelines sentence." (Doc. 34 at 8.) This language is identical to the plea agreement in *Price*, where the court found the defendant's sentence was not based on the sentencing guidelines. 627 F. App'x at 741–42.

Defendant's sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," as required for the court to have jurisdiction to reduce his sentence under 18 U.S.C. § 3582(c)(2).

-7-

**IT IS THEREFORE ORDERED** that this court lacks jurisdiction to consider defendant's § 3582(c)(2) motion.

**IT IS FURTHER ORDERED** that defendant's Motion to Reduce Sentence (Doc. 239) is dismissed.

Dated this 8th day of August, 2016, at Kansas City, Kansas.

                                                    s/ Carlos Murguia
                                                    **CARLOS MURGUIA**
                                                    **United States District Judge**