IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**          )
                                       )
             **Plaintiff,**            )
                                       )
v.                                     )
                                       )        Case No. 10-20101-02-CM
**RICKY WEBSTER,**                     )
                                       )
             **Defendant.**            )
_____)

**MEMORANDUM AND ORDER**

This closed case is before the court on defendant Ricky Webster's pro se Motion Requesting Release of Full Decision and Reinstatement of Time to Respond (Doc. 248). On August 8, 2016, this court dismissed for lack of jurisdiction defendant's pro se motion for a reduction in his sentence (Doc. 247). Because defendant had previously been appointed counsel for a limited purpose in this case, it appears that the order was transmitted to counsel instead of defendant pro se. Defendant claims that he still has not received a copy of the court's order. The court construes defendant's motion as one seeking additional time to appeal the August 8 order.

Fed. R. App. P. 4(b)(1) imposes requirements for timely filing appeals in criminal cases. The relevant portion provides that a defendant must file a notice of appeal within fourteen days of the entry of the order being appealed. If the time to appeal has expired, the court may extend the time to appeal upon a showing of good cause or excusable neglect, but not to exceed thirty days from the expiration of the time otherwise prescribed by this Rule 4(b). Fed. R. App. P. 4(b)(4). This rule, however, is not jurisdictional; instead, it is an "inflexible claim-processing rule." *United States v. Garduno*, 506 F.3d 1287, 1291 (10th Cir. 2007). This means that the rule only assures relief when the government raises it. *See id.* The rule's time limitation may be waived. *See id.*

-1-

-2-

Here, the government did not respond to defendant's motion. The court therefore finds that defendant has shown good cause to extend the time to appeal beyond the thirty days referenced in Fed. R. App. P. 4(b)(4). Defendant took relatively prompt action to seek relief from the court once he received notice that an order had been filed. Moreover, the additional time requested is not significant. And if—as defendant claims—the court erred in not sending the order to defendant pro se, then granting defendant additional time is a just result. The court grants defendant's motion.

**IT IS THEREFORE ORDERED** that defendant Ricky Webster's pro se Motion Requesting Release of Full Decision and Reinstatement of Time to Respond (Doc. 248) is granted. The order dated August 8, 2016 shall be treated as if it were filed on today's date for purposes of appeal time.

**IT IS FURTHER ORDERED** that the Clerk of Court shall transmit a copy of Doc. 247 to defendant Ricky Webster, proceeding pro se, at the address provided in the docket sheet, along with a copy of this order.

Dated this 9th day of November, 2016, at Kansas City, Kansas.

                                                **s/ Carlos Murguia**
                                                **CARLOS MURGUIA**
                                                **United States District Judge**